UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


IN RE:   JEREMY ALFORD,

Petitioner,

CASE NO.:  8:23-mc-00018-TPB-SPF


_____/

**NOTICE OF SPECIAL APPEARANCE, MOTION TO QUASH SERVICE
OF PROCESS, AND RESPONSE TO VERIFIED PETITION TO
PERPETUATE TESTIMONY,
<u>BY PASCO COUNTY SHERIFF CHRIS NOCCO AND THE PASCO
COUNTY BOARD OF COUNTY COMMISSIONERS</u>**

Pasco County Sheriff Chris Nocco, in his official capacity, and the Pasco County Board of County Commissioners (hereinafter "the County"), by and through undersigned counsel (via special appearance), hereby move the Court for an Order quashing service of process.   Undersigned counsel does not enter a general appearance but in an abundance of caution, the Sheriff and the County also respond in opposition to Plaintiff's June 28, 2023, Verified Petition to Perpetuate Testimony.[1]

---

[1] A special appearance which does not seek affirmative relief does not waive a challenge to jurisdiction.  *Ganpat v. Aventure Investment Realty, Inc.*, Case No. 20-60816, 2020 WL 13002514 * 4 (S.D.Fla. October 28, 2020) (collecting cases).

The verified petition to perpetuate testimony suffers from several procedural defects and should be denied.

First, the petition at issue has not properly been served.  The petition to perpetuate testimony pursuant to Fed.R.Civ.P. 27(a) was filed in this Court on June 28, 2023.  (Dkt. 1).  On the same date, proposed summons were filed with the clerk, including proposed summons to the Sheriff and the County.  (See Dkts. 6 and 7).  The docket does not reflect that the summons have been issued and neither the Sheriff nor the County has been properly served with summons and the petition under Fed.R.Civ.P. 4 or state law, as is required by Rule 27(a)(2).

Counsel for Mr. Alford did email a copy of the petition to the five members of the County Commission on or about June 28, 2023, and sent a copy of it by certified mail to the Sheriff, which was received on or about July 5, 2023.  (See Exhibit A, p. 17).  However, mailing a copy of the petition, without a waiver of service, does not constitute valid service under either Federal Rules 4 or 27, or under state law.  See e.g. *Houston v. Manatee County Area Transit*, Case No. 8:20-cv-782, 2020 WL 3420717 (M.D.Fla. June 4, 2020) (report and recommendation that notice of special appearance and motion to quash service of process be granted where plaintiff sent copies by certified mail;  "[s]ervice by certified mail is not permitted under the federal rules and is generally insufficient under Florida law, unless

accompanied by a waiver of personal service.")[2] (citing *Penn-Am. Ins. Co. v. Deslin Hotels, Inc.*, No. 6:11-cv-1990-Orl-22TBS, 2013 WL 12158616, at *1 (M.D. Fla. Jan. 10, 2013)*; see also United States v. MultiPlan Network*, Case No. 8:19-cv-2169, 2022 WL 580724 * 7 (M.D.Fla. February 25, 2022) (same); *Griffith v. Slade*, 95 So.3d 982, 984 (Fla. 2d DCA 2012) (describing strict requirements of Florida Rule of Civil Procedure 1.070(i) for service by certified mail based on waiver).

The Court should thus quash process as invalid in this case and deny the petition on that basis under Fed.R.Civ.P. 12(b)(2), (4), and (5).

Second, the petition improperly sets the deposition without the Court first having granted leave to do so.  The verified petition indicates that representatives of the putative Plaintiff, Jeremy Alford, are unilaterally setting his deposition for August 7, 2023. (Dkt. 1, p. 4; Dkt. 1-2).  This is improper because Rule 27 requires proper service on the putative Defendants at least 21 days prior to a hearing on said petition, which, if granted, may *then* result in setting of a deposition.  (See e.g. Rule 27(a)2) "At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing.");  Rule 27(a)(3) ("If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter

---

[2] Adopted, 2020 WL 3415291 (M.D.Fla.June 20, 2020).

3

of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may *then* be taken under these rules …") (emphasis added).

Third, the petition is prohibited under Rule 27(a)(1)(A), which allows such a deposition when "the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." The petition asserts that potential claims are deliberate indifference to a serious medical need under federal law together with claims for state law negligence. (Dkt. 1, p. 2). Plaintiff states that he cannot assert a claim at this time in the form of a traditional complaint because, for state law claims, he must first comply with medical malpractice presuit under §766.106, Fla. Stat., as to all defendants. And, he must comply with the notice of claim provisions of §768.28(6), Fla. Stat., as against government defendants.

However, those hurdles apply only to state law claims. Plaintiff could bring any federal claims now, for example under §1983, and seek to amend to add state law claims at a later date. The allegation that he cannot currently bring a claim is simply incorrect and therefore the petition fails to meet the terms of Rule 27(a)(1)(A) and should be denied on that basis. *Agile Element LLC v. Microsoft Corp.*, Case No. 18-61987, 2018 WL 5098971 * 2 (S.D.Fla. August 19, 2018) (report and recommendation recognizing that, where a plaintiff could bring an action and engage

in traditional discovery, then the petition does not meet the express terms of Rule 27(a)(1)(A)).[3]

The requirement that the movant not be able to file an action now is of particular import under the circumstances here.  The verified petition asserts that Plaintiff is terminally ill with Hodgkins Lymphoma, but does not assert any factual basis for, or describe a possible claim against, the Sheriff or the County.  For example, Plaintiff does not clearly describe a possible failure to diagnose or to render palliative care by the Sheriff or the County, even though these would seem the likely types of claims to be brought given the sparse information in the petition.

Because Plaintiff does not bring the claim now in the form of a traditional complaint, this prevents the Sheriff and the County from obtaining through ordinary discovery mechanisms what presumably are substantial medical records from the co-defendants and third party medical providers.  To take a deposition to perpetuate testimony now, under such conditions, would severely prejudice the Sheriff and the County because they would not have necessary medical records to understand the sequence of events leading up the current circumstances and to question Mr. Alford concerning his knowledge of them.

The first two procedural issues raised above can be cured fairly easily.  But the third point is particularly important to the defense.  The purpose of Rule 27 is

---

[3] Adopted 2018 WL 5098849 (S.D. Fla. September 14, 2018).

not to create a truncated timeline for traditional discovery or to act as an end around to the filing of a traditional complaint, with its concomitant discovery.  A complaint could be filed now so as to allow the parties to engage traditional discovery and obtain medical records then depose Mr. Alford.  This is far superior to a deposition based on a woefully incomplete foundation of the medical facts.  While at this point the putative defendants are unable to determine the urgency that might apply to this situation, to permit a Rule 27 deposition under these circumstance would be unfairly prejudicial to the defense and it has not been justified by the Petitioner.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:   Jordan Redavid, Esquire (*jordan@yourchampions.com,*     *crystal@yourchampions.com*     and *service@yourchampions.com*), Fischer Redavid PLLC, 4601 Sheridan Street, Suite 320, Hollywood, Florida 33021.

I further certify that I emailed a copy of the foregoing to Pamela Greene, Esquire (*pamela.greene@fdc.myflorida.com*), Office of the General Counsel for FDOC, 501 South Calhoun Street, Tallahassee, Florida 32399.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  HCA Florida Brandon Hospital, Attn:  Legal Department, 119 Oakfield Drive, Brandon, Florida 33511; and Wellpath, Attn:  Legal Department, 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  83798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  91197
*grant@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.:  44186
*holborn@debevoisepoulton.com*
ANA CRISTINA CUELLO, ESQ.
Florida Bar No.:  1010406
*cuello@debevoisepoulton.com*
MATTHEW A. KOZYRA, ESQ.
Florida Bar No.:  93425
*kozyra@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone:  407-673-5000
Facsimile:  321-203-4304
Attorneys  for  Sheriff  Nocco  and  Pasco
County Board of County Commissioners
