UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: JEREMY ALFORD,

    Petitioner,

Case No. 8:23-mc-18-TPB-SPF

_____/

**REPORT AND RECOMMENDATION**

    Before the Court is Petitioner Jeremy Alford's Verified Petition to Perpetuate Testimony (Doc. 1), Respondents Pasco County Sheriff Chris Nocco and the Pasco County Board of County Commissioners' Response (Doc. 22), Respondent Wellpath, LLC's Response (Doc. 26), and Respondents Ricky D. Dixon and Travis Lamb's Response (Doc. 27). The district judge referred the Petition to the undersigned for disposition, including any hearings, motions, and deadlines related thereto (Doc. 13). The undersigned held a hearing on the Petition on September 18, 2023. Upon consideration, the Court recommends that the Petition be DENIED.

    **I.**    **Background**

    Petitioner Jeremy Alford initiated this action on June 28, 2023 to perpetuate testimony pursuant to Rule 27 (Doc. 1). Mr. Alford's petition alleges that, until recently, he has been a detainee and inmate within correctional facilities throughout Florida, including Pasco County Jail (Doc. 1, ¶ 1). On June 26, 2023, Mr. Alford was released from in-facility custody and placed on a form of community control based on an order granting him compassionate medical release (*Id.*, ¶ 2). Mr. Alford was diagnosed with Stage IV Hodgkin's Lymphoma, and his prognosis is terminal (*Id.*, ¶¶ 4–5). He further alleges that he is a "putative- and

expected plaintiff in an action cognizable in this Court against various entities related to his care (or lack thereof) while he was in correctional custody." (*Id.*, ¶ 6). Given the pre-suit investigatory and notice requirements delineated by sections 766.016 and 768.128, Florida Statutes, Mr. Alford alleges that he cannot presently bring his claims. (*Id.*, ¶ 7). According to Petitioner, there is a substantial risk that he will lose his battle with cancer and die before litigation to prosecute his claims is formally commenced (*Id.*, ¶ 8).

Considering the foregoing, Mr. Alford filed his petition to perpetuate his deposition testimony. Respondents challenge the merits of Mr. Alford's Petition, arguing that it is not within the intended scope of Rule 27. Specifically, Respondents argue that Mr. Alford has not shown a need to perpetuate testimony under Rule 27(a)(1)(A) because his inability to bring state law claims now (due to the pre-suit investigatory and notice requirements of sections 766.016 and 768.128, Florida Statutes) does not impact his present ability to bring federal claims (Doc. 22 at 2–3; Doc. 26 at 1; Doc. 27 at 2). Thus, Respondents suggest that Petitioner should bring his federal claims now, and later either seek leave to amend his complaint to include state claims, or file a separate complaint in state court. Petitioner responds that this suggestion "fails to appreciate the realities of litigation."

## II.  Analysis

"The purpose of Rule 27 is to allow an anticipated litigant the opportunity to secure or perpetuate evidence so that it will be available to that litigant when the action is eventually filed." *In re Fierro*, No. 07-MC-37-ORL-22DAB, 2007 WL 1113257, at *2 (M.D. Fla. Apr. 13, 2007). According to Rule 27, the petition must be titled in the petitioner's name and must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

2

   (B) the subject matter of the expected action and the petitioner's interest;

   (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

   (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

   (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). All five requirements of the Rule must be met before a petition will be granted under Rule 27. *In re Lucas*, No. 19-0321-TFM-MU, 2019 WL 6138456, at *2 (S.D. Ala. Aug. 22, 2019) (citations omitted), *report and recommendation adopted*, 2019 WL 6138204 (Nov. 19, 2019). Relief under Rule 27(a)(1)(A) is only available to a party who "is presently unable to bring the action in any court, state or federal, anywhere in the United States." *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981).[1] It is on this basis that Mr. Alford's Petition fails.

At a surface level, Mr. Alford's Petition appears to meet the requirements of Rule 27(a)(1)(A) because it states that "Mr. Alford is a putative- and expected plaintiff in an action cognizable in this Court against various entities related to his care (or lack thereof) while he was in correctional custody." (Doc. 1, ¶ 6). He then states that, because of pre-suit investigatory requirements under Florida law, he cannot bring a formal lawsuit at this time (*Id.*, ¶ 7). As the Respondents correctly point out and Mr. Alford concedes, however, there is nothing preventing Mr. Alford from bringing federal claims now. Moreover, Mr. Alford cites

---

[1] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

to no authority suggesting that Rule 27 applies to state law claims which may only be brought in federal court through the application of discretionary supplemental jurisdiction.

At the hearing, counsel for Petitioner argued that, read as a whole, the Federal Rules of Civil Procedure disfavor piecemeal litigation. And, to that end, if Petitioner were forced to proceed with his federal claims now and his state claims later, the state claim defendants would likely be prejudiced by missing the opportunity to cross-examine Mr. Alford at his deposition. Similarly, to the extent there would be overlapping defendants in the state and federal actions, those defendants would be prejudiced in having to participate in duplicative litigation.

While, from a pragmatic perspective, the Court appreciates Petitioner's argument, the Court simply cannot order relief under Rule 27 while Petitioner has the present ability to bring federal claims. *See Agile Element LLC v. Microsoft Corp.*, No. 18-61897-CIV, 2019 WL 5098971, at *2 (S.D. Fla. Aug. 29, 2018) (denying Rule 27 petition where "Petitioner here has failed to show that it cannot presently bring an action."), *report and recommendation adopted*, 2018 WL 5098849 (Sept. 14, 2018); *Shead v. Johnson*, No. 3:18-mc-0090-S (BT), 2018 WL 6624387, at *1 (N.D. Tex. Nov. 21, 2018) (denying Rule 27 petition where petitioner "failed to show that he cannot presently file his breach of contract complaint."), *report and recommendation adopted*, 2018 WL 6622153 (Dec. 18, 2018); *In re Tsymbal*, No. 11-3054 (FLW), 2011 WL 8218997, at *15 (D.N.J. Dec. 9, 2011) (denying Rule 27 petition because "Petitioner has not demonstrated why she cannot presently file an action related to her specific allegations and seek discovery thereafter"), *report and recommendation adopted*, 2012 WL 2890991 (July 16, 2012); *see also Shore*, 644 F.2d at 388–89 ("Petitioner Shore would apparently read the rule to permit perpetuation whenever he is 'presently unable to bring (an action) or cause it to be brought'

in the district of his choice and against all defendants of his choice. The rule is not so applied.").

As a result, the Court finds that Mr. Alford has failed to establish that he is entitled to relief under Rule 27(a).  Accordingly, for the foregoing reasons, it is hereby recommended that Petitioner Jeremy Alford's Verified Petition to Perpetuate Testimony (Doc. 1) be DENIED.

IT IS SO REPORTED in Tampa, Florida, on September 27, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.